UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                        :

INSURED ADVOCACY GROUP II, LLC,      :
                                          :

                  Plaintiff,         :

                                          :        25-CV-10479 (JMF)
           -v-                     :

                                          :      MEMORANDUM OPINION
COWBOY ROOFING & CONSTRUCTION SERVICES, :       AND ORDER
LLC et al,                          :

                                          :

                  Defendants.      :

                                          :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, which was originally filed in New York State court, Plaintiff Insured Advocacy Group II, LLC ("IAG") brings claims against Defendants Cowboy Roofing & Construction Services, LLC ("Cowboy Roofing") and Devin McGee ("McGee") for breach of contract, conversion, and theft. *See* ECF No. 1-1, at 3-8. On December 17, 2025, Defendants filed a Notice of Removal, invoking this Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1 ("Notice of Removal"), ¶ 1. On December 19, 2025, the Court issued an order noting that the Notice of Removal failed to allege complete diversity between the parties and ordering Defendants to file an amended notice no later than January 6, 2026. *See* ECF No. 6. The Court warned that "[i]f, by that date, Defendants are unable to amend their Notice of Removal to truthfully allege complete diversity of citizenship, then the action will be remanded to the Supreme Court of New York, New York County, without further notice to either party." *Id.* at 2. On January 6, 2026, Defendants filed an Amended Notice of Removal. *See* ECF No. 7 ("Amended Notice of Removal").

Having reviewed the parties' filings, the Court finds that remand is necessary because Defendants have failed to allege facts adequate to establish complete diversity.  As the Court explained in its prior Order, *see* ECF No. 6, a notice of removal premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company ("LLC") as well as the place of incorporation and principal place of business of any corporate entities that are members of the LLC.  *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010); *Lewis v. Allied Bronze LLC*, No. 07-CV-1621 (BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007).

In the present case, the Amended Notice of Removal fails to cure Defendants' initial failure to properly plead IAG's citizenship.  *See* ECF No. 6.  In their original Notice, Defendants alleged only IAG's state of incorporation and principal place of business, *see* Notice of Removal ¶ 9, as opposed to the citizenship of its members.  Defendants now allege that "[t]he sole member of IAG is Schroders Capital FOCUS III Investment C, L.P." ("Schroders"), "a limited partnership duly organized in the state of Delaware," and that,"[o]n information and belief, no general or limited partner of Schroder[s] is a citizen of the state of Louisiana," Amended Notice of Removal ¶ 10, like the Defendants, *see id.* ¶ 8.

These allegations are also insufficient to properly plead complete diversity.  *Cf. ANHAM USA, Inc. v. Afghan Glob. Ins., Ltd.*, No. 23-CV-2763 (CS), 2024 WL 3362991, at *7 (S.D.N.Y. July 10, 2024) ("[D]istrict courts in this Circuit regularly hold that allegations that none of the members of an unincorporated business association such as a defendant limited liability company are citizens of the same state as the plaintiff are insufficient to invoke diversity jurisdiction." (cleaned up)).  Defendants assert that "Plaintiff has failed to allege facts detailing its full

2

membership." Amended Notice of Removal ¶ 10 n.1. But it is Defendants — not IAG — who "bear[] the burden of demonstrating the propriety of removal." *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004). Finally, to the extent Defendants seek jurisdictional discovery, *see* Amended Notice of Removal ¶ 11, the Court observes that the "discretion to order [such] discovery in a removal case with improperly pleaded citizenship . . . should be exercised with caution," *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617-18 (2d Cir. 2019), and finds that it is not warranted here, *see, e.g.*, *Lone Star Ams. Acquisitions, Inc. v. SUSA Fin., Inc.*, No. 22-CV-8852 (JGK), 2023 WL 3738982, at *2 (S.D.N.Y. May 31, 2023) (denying jurisdictional discovery where there were "no colorable factual allegations" supporting jurisdiction); *Lettman v. Bayview Loan Servicing, LLC*, No. 19-CV-3204 (BMC), 2019 WL 2504015, at *2 (E.D.N.Y. June 17, 2019) (declining to allow jurisdictional discovery "to remedy [the defendant's] failure to secure jurisdictional details from original sources before making formal allegations" (internal quotation marks omitted)).

"Remand is appropriate where jurisdiction is doubtful," *Video Connection of Am., Inc. v. Priority Concepts, Inc.*, 625 F. Supp. 1549, 1550 (S.D.N.Y. 1986), and is required where, as here, the allegations in the notice of removal are insufficient to support subject-matter jurisdiction. Accordingly, it is hereby ORDERED that this action is REMANDED to the Supreme Court of New York, New York County. The Clerk of Court is directed to remand this case and to close the case on this Court's docket.

SO ORDERED.

Dated: January 14, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

3